## Sachs Shoe Company  v.  Maysville Suit & Dry Goods Company.

(Decided December 4, 1923.)

## Appeal from Mason Circuit Court.

1. Sales—Implied Warranty that Goods Correspond with Sample.—Where shoes are sold by sample, there is an implied warranty that they will correspond with the sample both in appearance and quality.

2. Sales—Exercise of Right of Rejection where Order Divided into Two Shipments Stated.—Where seller divides order for goods into two shipments, buyer may hold the first shipment a reasonable time for the arrival of the second and examine and inspect them all together, or may inspect each installment as it arrives; but if the buyer adopts the latter alternative each installment or shipment will stand on its own footing, and acceptance of the first shipment will not affect the other.

3. Sales—Inferiority of First Shipment not Ground for Rejection of Second Without Inspection.—Where order for shoes was divided by seller into two shipments, the fact that shoes contained in first shipment were inferior to sample did not give the buyer the right to reject the second shipment without inspection.

4. Sales—Delivery to Carrier is Delivery to Consignee—Purchaser Must Act Promptly in Rejecting Goods Shipped.—Delivery of goods to a carrier is delivery to the consignee, and it is the duty of a consignee buyer, if he intends to avail himself of the remedy of rejection, to act promptly in making examination after arrival of the goods, and to inform the seller of the rejection, and either return the goods or offer so to do.

5. Sales—Communication Held Not to Amount to Rejection of Goods and Offer to Return.—Where seller of shoes divided order into two shipments, a communication by the buyer after receiving the first shipment, "If you cannot make your shoes up just to samples we cannot use them. We also must have a price on them. If you cannot comply with this request you can cancel the entire order"—did not constitute a rejection and offer to return the goods by reason of inferiority.

A. D. COLE and H. W. COLE for appellant.

SLATTERY & REES for appellee.

Opinion of the Court by Judge McCandless—Reversing.

In the month of March, 1920, appellee gave to one of appellant's salesmen an order for 72 pairs of shoes, to be manufactured by the latter and shipped between the first and tenth of September. Shoes declined in value, and on the 4th of June following it wrote the appellant not to ship the fall order until notified. Appellant answered this on June 10th, enclosing a revised price list in which there was a reduction from $1.00 to $1.50 per pair, and proposed to reduce the prices charged appellee to conform to this list.

On the 6th of August appellee wired appellant: "Make up our fall order and ship at the new prices." The shoes were manufactured and shipped in two installments, the first on September 17th and the second a few days later. The appellee received and accepted the first lot and paid for them, and on the 24th of September wrote the appellant as follows:

"Gentlemen: Just opened your goods and find that your shoes are not up to samples. They are made out of very bad leather and you also forgot to give us revised prices. If you cannot make your shoes up just to samples we cannot use them. We also must have the prices on them, and *if you cannot comply with this request you can cancel the entire order.*"

On the following day appellant wrote appellee that the shoes were billed to it at revised prices; that they were examined before they were shipped and that they were all right; that all of the shoes had been shipped, and expressed its inability to meet appellee's view. The appellee refused to take the second shipment from the express office. Appellant sued for the amount of the bill, $297.00, and the above facts were proven. It was further shown by the appellee that the shoes in the first shipment did not come up to samples, but it is admitted that the second shipment was not taken from the express company, and therefore its contents were not examined. The court also permitted appellee's witnesses to state that it had cancelled the remainder of the order.

The court instructed the jury:

"The jury will find for plaintiff, Sachs Shoe Company, unless they believe from the evidence that the shoes sold by it to defendant, Maysville Suit & Dry Goods Com-

pany, in March, 1920, and confirmed by telegram from defendant in August, 1920, were in a substantial degree as regards the first thirty-six pairs shipped September 17, 1920, inferior in material and workmanship to the samples shown by plaintiff shoe company's agent as the standards of purchase at the time of the sale, and further believe from the evidence that defendant before shipment of the latter thirty-six pairs so notified plaintiff and that it, defendant, for that reason would not receive the remaining thirty-six pairs now in controversy; in which event the jury will find for defendant.''

The jury returned a verdict for defendant, and plaintiff has entered a motion for an appeal and seeks a reversal. The shoes were sold by sample and this implied a warranty that the shoes would correspond with the sample both in appearance and quality. No doubt it was intended that all should be included in one shipment, which would have given the buyer a reasonable opportunity after delivery to have examined and inspected the goods and to determine whether or not the entire lot was in accordance with the contract. However, we see nothing inconsistent with the contract in dividing the goods into two shipments. Under the circumstances the buyer could have held the first shipment a reasonable time for the arrival of the second and examined and inspected them all together or it could have inspected each installment as it arrived, but if it adopted the latter alternative each installment or shipment would stand on its own footing, and by accepting the first shipment and paying for same appellee waived all objection to the part of the goods therein shipped.

As to the second shipment its duty was to make the same examination and inspection. If the shoes therein contained were inferior to the sample its rights in reference thereto would not have been affected by its conduct as to the first shipment and it could have refused to have accepted same.

On the other hand, if those shoes were in accordance with the sample they were not affected by the fact that those in the first shipment were inferior, if they were so. It cannot assume that the material therein was inferior by reason of the alleged inferiority of the first shipment. It has frequently been held that the delivery to a common carrier is a delivery to the consignee, therefore a delivery to the American Railway Express Company

was a delivery to appellee and it became its duty, if it intended to avail itself of the remedy of rejection, to act promptly in making the examination of the goods after they arrived at their destination and to inform the seller of their rejection, and either return them or offer so to do. The most it ever did was to say: "If you cannot make your shoes up just to samples we cannot use them. We also must have a price on them. If you cannot comply with this request you can cancel the entire order."

This occurred before the arrival of the second shipment. It was not even a direction to cancel, much less a rejection and offer to return the goods. Unquestionably, it failed to show any defense to the action and the court should have given the jury a peremptory instruction to find for plaintiff. Wherefore, the appeal is granted and the judgment is reversed and cause remanded for proceedings consistent with this opinion.