# Continental Jewelry Company v. Smith.

(Decided June 19, 1928.)

## Appeal from Henderson Circuit Court.

1. Contracts.—Written contracts cannot be evaded or set aside at will of one party without consent of the other.

2. Sales.—Where buyer signed written order for goods, specifying particularly quantity and quality of goods to be shipped, and goods shipped were of exact quantity and quality ordered, buyer could not decline to receive and retain goods shipped and thereby defeat payment of contract price.

3. Sales.—To be relieved from obligation under sales contract, buyer must show either that signing of contract by him was induced by seller's fraud, or that signing was through mutual mistake, or he must show that the contract was not complied with by seller.

B. S. MORRIS for appellant.

DORSEY & DORSEY for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellee signed an order to appellant directing the shipment to him of a quantity of jewelry. The quantity and quality were named and designated with particularity in the order. When the shipment arrived in Henderson, appelleee took the jewelry to his store, examined it, and did not find it to his liking. Consequently he returned it by express to appellant. Appellant refused to accept it from the express company, notifying appellee that it had refused to accept the shipment.

Appellee refused to pay the contract price, whereupon appellant instituted suit against him. Appellee defended on the ground that the jewelry, when received, was not as represented by appellant's salesman. A consideration of his testimony is conclusive that he had no good reason for returning the shipment, and that there was no breach of the warranty or faliure to comply with any representation contained in the contract. It is well proven by appellant that the exact goods called for in the order were shipped to appellee. His sole complaint may be reduced to his statement, that when the jewelry arrived and was unwrapped by him it had a lackluster appearance, while that exhibited to him as a sample shone with brilliancy. He does not attempt to say that the jewelry received by him was not identical with that which he ordered other than the difference in appearance men-

tioned. Solemn written contracts cannot be evaded or set aside at the will of one of the parties without the consent of the other. The time for a dealer such as appellee to consider consequences of his act is before he attaches his signature to a written contract, and not thereafter. That appellee held lightly his contract is indicated in the letter which he wrote appellant at the time he returned the jewelry. He said in his letter that he had received it a few days before returning it. He testified, however, that he returned it on the day that he received it. He stated in his letter that after looking it over very carefully and investigating the tax which it would be necessary to pay for the privilege of selling jewelry in his city he had reached the conclusion that he would not be able to handle it. There is not a suggestion or intimation in the letter that the jewelry was other than what had been ordered. Doubtless, the jewelry appeared better to him in the presence of the salesman, an adept in salesmanship, than it did when he examined it alone, but he should have thought of how it would look when he considered it uninfluenced by the persuasive talk of the agent of appellant.

The warranty in the contract went no further than agreeing to substitute any article not giving perfect satisfaction. Appellee, however, did not want substitution. What he wanted was to place his own construction on the contract, and according to his construction he was not bound unless he desired to be bound.

Appellee relies upon the case of Sachs Shoe Co. v. Maysville Suit & Dry Goods Co., 201 Ky. 239, 256 S. W. 401. We do not agree that the case fully supports the contention of appellee. The shipment involved there was shoes. The court said that in making the sale by sample the seller sold with an implied warranty that the shoes would correspond with the samples both in appearance and quality. If the shoes were of the same style and quality, necessarily their appearance would have been the same as the sample. In that case the complaint was that the shoes did not measure up to the quality of the samples. This case falls within the rule announced in Crawford & Gatlin v. M. Livingston Co., 153 Ky. 58, 154 S. W. 407, 44 L. R. A. (N. S.) 640.

The law and facts were submitted to the trial court without the intervention of a jury. Appellant's petition was dismissed and judgment for costs entered in favor

of appellee. The judgment should have been in favor of appellant for the amount sued for.

When a purchaser signs a written order for goods specifying particularly the quantity and quality of goods to be shipped to him, and it is shown that goods of the exact quantity and quality were so shipped by the seller, the purchaser may not decline to receive and retain the goods so shipped and thereby defeat payment of the contract price. In such cases the contract itself governs, and before the buyer may be relieved from his obligation he must show either that the signing of the contract by him was induced by the fraud of the seller, or that the signing was through mutual mistake of the parties, or he must show that the contract was not complied with by the seller. Failing to avoid the contract in one of the ways indicated, he is bound by its terms and cannot escape the obligation imposed upon him by them.

Appeal granted, judgment reversed, and cause remanded for proceedings consistent with this opinion.